42 F.3d 1404
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Elwood PETERSON, Defendant-Appellant.
 No. 93-10497.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1994.*
Decided Oct. 11, 1994.
 
 Before: BROWNING, FARRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Elwood Peterson appeals his conviction, following a jury trial, for sale of a firearm to an out-of-state resident in violation of 18 U.S.C. Secs. 922(b)(3), 924(a)(1)(D). Peterson contends the district court erred by admitting, pursuant to Fed.R.Evid. 404(b), evidence that Peterson had previously sold eleven firearms to another out-of-state resident, Scott Reed. He also contends he was denied due process because the government failed to disclose to the defense evidence that Reed was, in fact, a Nevada resident when Peterson sold him the firearms. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review for abuse of discretion a trial court's admission of evidence under Rule 404(b). United States v. Luna, 21 F.3d 874, 878 (9th Cir.1994). Evidence of a defendant's other crimes may be admissible to prove knowledge or intent. Fed.R.Evid. 404(b); Luna, 21 F.3d at 878. Evidence of prior criminal acts may be admitted if (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; (4) if admitted to prove intent, the act is similar to the offense charged; and (5) the probative value of the evidence outweighs the danger of unfair prejudice. Luna, 21 F.2d at 878; United States v. Bradley, 5 F.3d 1317, 1320 (9th Cir.1993); see Fed.R.Evid. 403.
 
 
 4
 Peterson, owner of a firearms store in Nevada called "Guns of Tahoe," was charged with selling a firearm to an out-of-state resident, John Best, in January 1988, in violation of 18 U.S.C. Sec. 922(b)(3). Section 922(b)(3) prohibits a licensed firearm dealer from selling firearms to a person the dealer knows or "has reasonable cause to believe" is not a resident of the licensee's state.
 
 
 5
 At trial, Lois MacDonald, who lived in Nevada, testified that in late December 1987, at Best's request, she filled out two firearm transaction forms ("4473 forms") for guns that Best purchased from Guns of Tahoe. She further testified that a few days later, Peterson came to her home with another blank 4473 form. He told her that Best had purchased another gun and that she needed to fill out the paperwork. These events were the basis for Peterson's conviction.
 
 
 6
 The trial court admitted the testimony of Special Agent for the Bureau of Alcohol, Tobacco and Firearms (ATF) Richard Stolz relating to Peterson's previous sales of firearms to Reed in May 1985. Stolz, who had investigated those sales, testified that he had attempted to verify the Nevada address Reed indicated on his 4473 forms, and discovered that the address did not exist. The Nevada DMV also had no record of a driver's license for Reed, although the 4473 forms indicated that Reed had shown a Nevada license as identification. Stolz testified further that he told Peterson about the incorrect address on Reed's 4473 forms. Two weeks later, he visited Guns of Tahoe and saw that the address on the forms had been changed. When he attempted to verify the second address, he was told by the resident that Reed had moved out at least six weeks earlier.
 
 
 7
 The trial court did not abuse its discretion by admitting this evidence. The evidence was sufficient to support a finding that Peterson had sold multiple firearms to Reed at a time when Reed had no verifiable Nevada address. In addition, the evidence concerning the change of address on the forms strongly suggests that Peterson was on notice that Reed may not have been a Nevada resident at the time of the sales. Thus, the evidence was highly probative of the issue of willfulness. See United States v. Mayans, 17 F.3d 1174, 1182 (9th Cir.1994) (issue of intent is material when government must prove intent as element of the crime); United States v. Hooten, 662 F.2d 628 (9th Cir.1981) (in prosecution for dealing in firearms without a license, prior act evidence properly admitted to prove intent), cert. denied, 455 U.S. 1004 (1982). The prior conduct was relatively remote in time, but very similar to the charged conduct. We conclude it was not an abuse of discretion to admit the evidence of Peterson's 1985 sales to Reed. See Luna, 21 F.2d at 878; Bradley, 5 F.3d at 1320.
 
 
 8
 Peterson contends further that the district court erred by failing to give a limiting instruction to the jury on the prior acts evidence. Peterson did not request such an instruction. A trial court's failure to give a limiting instruction sua sponte is not reversible error. United States v. Multi-Management, Inc., 743 F.2d 1359, 1364 (9th Cir.1984).
 
 
 9
 Peterson also contends he was denied due process because the government failed to disclose before trial evidence that Reed was, in fact, a Nevada resident at the time of the 1985 sales. Specifically, he contends the government withheld records of ATF agents interviewing Reed in 1985, in Nevada. The district court denied a motion for a new trial based on these claims, after holding an evidentiary hearing at which Reed testified. We review de novo a district court's ruling on a prosecutor's duty to produce exculpatory evidence pursuant to Brady v. Maryland, 373 U.S. 83 (1963). United States v. Monroe, 943 F.2d 1007, 1012 (9th Cir.1991), cert. denied, 112 S.Ct. 1585 (1992).
 
 
 10
 The testimony adduced at the evidentiary hearing does not support Peterson's claim that material evidence was improperly withheld. Reed's testimony on the issue of his residency at the time of the 1985 gun sales was inconclusive. He indicated that he had bought 50 guns from Guns of Tahoe, had a post office box address in the shopping center where Guns of Tahoe was located, lived in his van at times, and moved so frequently that he could not remember the dates of his moves. He acknowledged that he had changed the address on the 4473 forms at Peterson's request. He also testified that the guns purchased from Guns of Tahoe were seized in Cupertino, California in 1985 by ATF agents, and that he obtained a Nevada driver's license in 1987. Stolz testified that he had found one Nevada address where Reed had apparently stayed briefly around the time he bought some of the guns, and that he had found evidence that Reed was a Nevada resident from December 1986 to July 1988.
 
 
 11
 This evidence does not establish that Reed was a Nevada resident at the time of the transactions described at trial. Nor would it have served to impeach Stolz's trial testimony indicating that Peterson had reason to believe that Reed was not a Nevada resident at the time. Moreover, the government disclosed to the defense before trial documents concerning the sales to Reed. The record supports the district court's finding that no additional records of the ATF interviews with Reed exist. Because exculpatory evidence was not withheld, Peterson's right to due process was not violated. See Monroe, 943 F.2d at 1012.
 
 
 12
 The district court's judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3